NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 11-2694

_____

WILLIAM SLAVOSKI,
                                        Appellant

v.

FRANK PAWLOWSKI; HUASCAR RIVERA;
JOHN RICE; MERVIN RODRIGUEZ;
FRANCIS J. HACKEN; BRYON DEVLIN;
WILLARD OLIPHANT; PEDRO RIVERA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-10-cv-02139)
District Judge:  Honorable A. Richard Caputo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 6, 2012

Before:  SLOVITER, GARTH, *Circuit Judges*, and
PADOVA,* *Senior District Judge*

(Filed: February 7, 2012 )

_____

OPINION

_____

---

* The Honorable John R. Padova, Senior Judge, United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

SLOVITER, *Circuit Judge*.

United States Secret Service Agent William Slavoski filed a civil rights complaint (pursuant to 42 U.S.C. § 1983) against employees of the Pennsylvania State Police ("PSP"), including Commissioner Frank Pawlowski, Mervin Rodriguez, John Rice, Francis Hacken, Bryon Devlin, Willard Oliphant, Huascar Rivera, and Pedro Rivera (collectively "Defendants"). Slavoski alleged that Defendants violated his constitutional rights by accusing him of using a law enforcement computer database for unauthorized reasons, unlawfully targeting him, and retaliating against him when he filed formal complaints against them. The District Court granted Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and denied Slavoski's motion for reconsideration of that decision. Slavoski appealed. We will affirm.

## I.

### Background

Because we write primarily for the parties, we will recount only the facts that are essential to our decision. Slavoski accessed a criminal information databank on behalf of a member of the Kingston Police Department, Detective David Griffin. Griffin had asked Slavoski to obtain information about a vehicle because Griffin believed that he was being stalked. The databank showed that the vehicle was registered to defendant Willard Oliphant and his son Will. At the time, Oliphant was employed by the Pennsylvania State Police as a captain.

Apparently motivated by Slavoski's inquiry on behalf of Griffin, defendant Bryan Devlin conducted an audit of the databank's terminal less than two months later. About a year later, defendant Mervin Rodriguez accused Slavoski of misusing the Commonwealth Law Enforcement Assistance Network ("CLEAN") and improperly disseminating information from it to Griffin. Rodriguez told Slavoski that he would be on probation for a year.[1] Devlin, Rodriguez, Rivera, and Hacken also acquired Slavoski's personal address by auditing the databank. The Defendants continued to investigate Slavoski, and he remained on probation.

Slavoski argues that Defendants acted in retaliation for his "innocent and lawful use" of the databank because it "exposed the Oliphant's [sic] personally," in violation of Slavoski's First Amendment rights. App. at 25. He also argues that the audit was an unlawful search in violation of his Fourth Amendment rights, and that his Equal Protection rights under the Fourteenth Amendment were violated.

## II.

## Analysis

The District Court had subject matter jurisdiction over this § 1983 civil rights action pursuant to 28 U.S.C. §§ 1331 and 1343, and this court has jurisdiction over this appeal of a final order pursuant to 28 U.S.C. § 1291. We exercise plenary review over a District Court's decision to grant a motion to dismiss a complaint pursuant to Rule 12(b)(6). *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009). "To

---

[1] The probation that Mr. Rodriguez administered was a probation involving the use of the "CLEAN" network.

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

We agree with the District Court's conclusion that Slavoski failed to state a claim of retaliation in violation of the First Amendment because he was put on probation for his alleged unauthorized use of the database before he made any complaints against the Pennsylvania State Police. Therefore, even if we accept that filing those complaints was protected First Amendment activity, Slavoski failed to allege any facts demonstrating retaliatory action that occurred in response to that activity. Moreover, actions taken by Defendants after Slavoski filed his complaints do not qualify as retaliatory actions. *See Eichenlaub v. Township of Indiana*, 385 F.3d 274, 282 (3d Cir. 2004) ("In general, constitutional retaliation claims are analyzed under a three-part test. Plaintiff must prove (1) that he engaged in constitutionally-protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation.").

We also agree with the District Court's reasoning as to why Slavoski has failed to state a claim under the Fourth Amendment: even assuming that Slavoski had a subjective expectation of privacy as to the information he searched on the database at the computer terminal at his work, that expectation was objectively unreasonable. *See Minnesota v. Olson*, 495 U.S. 91, 95 (1990) ("[C]apacity to claim the protection of the Fourth Amendment depends . . . upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place.") (internal quotation marks and citations omitted); *see also Rakas v. Illinois*, 439 U.S. 128, 143 n.12

4

(1978) ("Obviously, however, a 'legitimate' expectation of privacy by definition means more than a subjective expectation of not being discovered.").

The District Court's reasoning as to why Slavoski failed to state a claim that Defendants violated his Equal Protection rights is also sound. Slavoski did not allege any facts showing that he was treated differently than any similarly situated individuals, and even if he had, the decision as to how to deal with misuse of the databases was solely within the discretion of the Pennsylvania State Police. *See Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 603 (2008) ("[T]reating like individuals differently is an accepted consequence of the discretion granted" when state action involves "discretionary decisionmaking based on a vast array of subjective, individualized assessments.").

## III.

### Conclusion

For the foregoing reasons, we affirm the District Court's decision.